962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
Frank WALLACE; Dean Johnson, Officer; Robert Borg,
Defendants-Appellees.
 No. 91-15374.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Lee Fain appeals pro se the district court's summary judgment in his civil rights action under 42 U.S.C. § 1983. Fain contends that he is entitled to summary judgment because the defendants violated his constitutional rights by tampering with and opening his legal mail outside his presence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and affirm.
 
 
 3
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury...." Daniels, 474 U.S. at 328 (emphasis in original); see Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989).
 
 
 4
 Here, defendants admitted that two legal letters addressed to Fain were opened outside his presence. The defendants asserted, however, that these documents were opened inadvertently. They also asserted that they had not thrown away any mail addressed to Fain. Fain, in turn, submitted numerous grievances he had filed with various officials, affidavits from several inmates/detainees claiming that defendants Raymond and Folk opened and read Fain's confidential letters, and copies of the envelopes which contained the confidential material.
 
 
 5
 Despite these submissions, Fain failed to raise any triable issue of material fact as to whether the defendants acted beyond mere negligence. See Stevenson, 877 F.2d at 1441. The affidavits lacked specificity and merely made conclusory statements asserting that the defendants had opened and read Fain's confidential letters. The envelopes, although displaying return addresses to legal and political organizations, were not marked in any way to signal clearly the confidential nature of their contents. Therefore, Fain's assertions did not support a claim under section 1983. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3